UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Chris Thornby | Court File No. |
| Plaintiff, | |
| | **NOTICE OF REMOVAL** |
| v. | |
| First Transit, Inc. | |
| Defendant. | |

---

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant First Transit, Inc. ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Ramsey County District Court, State of Minnesota, to the United States District Court for the District of Minnesota.  In support of its Notice of Removal, Defendant states as follows:

1.   On or about September 15, 2025, Plaintiff, Chris Thornby, ("Plaintiff") commenced a civil action against Defendant in the Ramsey County District Court in the State of Minnesota, by service on the county sheriff pursuant to Minnesota Rule of Civil Procedure 3.01(c).  Defendant was subsequently served by process server on September 23, 2025. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2.   Plaintiff claims in his Complaint that Defendant violated certain provisions of the Minnesota Whistleblower Act.

3.   ***Diversity Jurisdiction Basis for Removal:***  This case is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4. ***Citizenship of Parties:*** Plaintiff is the sole identified plaintiff in this action. Upon information and belief, Plaintiff was a citizen and resident of the State of Minnesota at the time of the commencement of this action and is now a citizen and resident of the State of Minnesota. (*See* Exhibit A.)

5. Defendant is the sole identified defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located.

6. At the time of the commencement of this action and continuing to the present First Transit, Inc. was, and still is, a corporation incorporated under the laws of Delaware. A corporation is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court has held that courts should apply the "nerve center" test to determine a corporation's principal place of business. Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.* Its corporate headquarters and principal place of business was, and is, in Lombard, Illinois. Accordingly, First Transit, Inc. is a citizen of Delaware and Illinois for purposes of diversity jurisdiction.

7. ***Amount in Controversy:*** This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Where removal is based on the diversity of citizenship, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v.*

*Owens*, 574 U.S. 81, 89 (2014). When evaluating the amount in controversy for purposes of diversity jurisdiction, the Court does not consider only the actual damages, but rather the court must also consider the value of other potential relief. *See Hartis v. Chi. Title Ins. Co.*, 656 F.3d 778, 781–82 (8th Cir. 2009); *Peterson v. Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017). Plaintiff expressly alleges that he has incurred damages for lost wages, compensatory damages, and other unspecified damages. (Compl. ¶ 34.) This is the type of case wherein the damages sought may reasonably exceed $75,000, such that Defendant may properly remove this action notwithstanding Plaintiff's failure to precisely state an amount of damages exceeding the requisite amount in controversy. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."); *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). To determine whether a fact finder might legally conclude that the amount in controversy is greater than $75,000.00, a court may consider total compensatory damages and attorney's fees. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Although Defendant denies the validity and merit of Plaintiff's claims and denies that he is entitled to any relief sought, his claim for damages in the aggregate amount to a claim for over $75,000 and thus, exceed the requisite amount in controversy and Defendant may remove this action. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

8. ***Venue***: Venue is proper under 28 U.S.C. §§ 103(3) and 1441(a) in the United States

District Court for the District of Minnesota. The United States District Court for the District of Minnesota embraces the place, Ramsey County, where the State Court Action is pending. 28 U.S.C. § 103(3). Thus, this Notice of Removal has been properly filed within this District. See 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

9. ***Timing of Removal:*** Fewer than thirty (30) days have elapsed since September 23, 2025, when Plaintiff first served Defendant with the Complaint. *See* 28 U.S.C. § 1446(b).

10. Simultaneous with the filing of this Notice of Removal, Defendant has notified the Ramsey County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

11. True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Ramsey County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Ramsey, Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated: October 14, 2025

*s/ Emily A. McNee*

Emily A. McNee, Bar No. 0395228
emcnee@littler.com
Sarah Doty, Bar No. 0506270
sdoty@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Telephone:    612.630.1000
Facsimile:    612.630.9626

Attorneys for Defendant

5

4905-0166-0784 / 070993.2060